**E-Filed 1/12/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MAJOR FARMS, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SALYER AMERICAN FRESH FOODS, et al.,<br><br>　　　　　　　　Defendants. | Case Number 5:09-cv-04985-JF/PVT<br><br>ORDER[1] DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT JUDGMENT<br><br>[re: document no. 57, 70] |

　　　　On October 20, 2009, Plaintiff Major Farms brought suit against Salyer American Fresh Foods ("SAFF"), an agriculture commodities broker, and its principal Scott Salyer, alleging violations of the Perishable Agricultural Commodities Act ("PACA") and breach of contract. The suit also named defendants Bank of the West, a secured creditor of SAFF, and Steve Franson, the receiver appointed in the case of *Bank of the West v. Salyer American Fresh Foods*. Both Salyer and SAFF failed to appear, and default has been entered as to those parties. Major Farms now moves for entry of default judgment against Salyer and SAFF. Bank of the West opposes the motions.

---

[1] This disposition is not designated for publication in the official reports.

Case Nos. 5:09-cv-04985-JF/PVT
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT
(JFLC3)

**I. Background**

In April 2009, Major Farms and SAFF entered into a contract relating to the harvesting, marketing, and sale by SAFF of various crops grown by Major Farms. On May 6, 2009, Franson was appointed by the Monterey Superior Court as receiver of substantially all the assets of SAFF. On May 27, 2009, Franson informed Major Farms of his intention to abandon all grower contracts for crops currently under cultivation, indicating that any liability regarding the abandoned contracts remained the responsibility of SAFF.

In October 2009, Major Farms filed the instant action. The Court granted the motion of Major Farms and other plaintiffs in related cases to establish a segregated PACA account and a PACA trust claims procedure for the determination and payment of valid PACA claims. Both Franson and Bank of America objected to Major Farms' PACA claim, contending that the claim did not meet PACA's legal requirements.

**II. Legal Standard**

There is no matter of right to the entry of a default judgment, and its entry is entirely within the Court's discretion. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Supreme Court has held that a court should not enter a default judgment against one or more defendants which is, or likely to be, inconsistent with judgment on the merits in favor of remaining answering defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872). Courts have recognized that the desire "to avoid logically inconsistent adjudications as to liability" constitutes a just reason for delay under Rule 54(b). *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) (quoting *In re Uranium Antitrust Litigation*, 473 F. Supp. 382, 388-89 (N.D. Ill. 1979). Where the facts and theories of the case dictate uniformity of liability among defendants, entry of default judgment is inappropriate. *Id.*

**III. Discussion**

Major Farms contends that default judgment is appropriate in this case, despite the

presence of answering defendants, because there is no risk of inconsistent adjudications.  It argues that the objections raised by Bank of the West and Franson with respect to Major Farm's PACA claims are affirmative defenses that Salyer and SAFF have waived by their default.  However, the risk that a plaintiff may obtain a judgment against defaulting defendants to which the litigation later reveals the plaintiff is not statutorily entitled is precisely the concern addressed by the Ninth Circuit in *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).  In that case, a bankruptcy trustee sued various creditors of a mortgage investment company.  Some of the creditors responded and others did not; the trial court determined that all the defendants' interests were perfected by statute, but it still entered default judgment against the non-answering defendants.  The Ninth Circuit determined that it would be incongruous and unfair to allow recovery against defaulting defendants on a legal theory that had been rejected by the court with respect on answering defendants.  *Id.* at 531-532; *see Kuei*, 194 F. Supp. 2d at 1007.  In the instant case, it is inappropriate to enter a default judgment against Salyer and SAFF with respect to PACA claims when it is still possible that Major Farms may not be statutorily-entitled to such a judgment.

     Major Farms also contends that it would not be inconsistent for Salyer and SAFF to be held liable on the breach of contract claims, even if the answering defendants are not liable.  While it is true that Major Farms breach of contract claim names all defendants, a finding that some but not all defendants are liable with respect to this claim would not necessarily be inconsistent.   However, in its order creating the segregated PACA account, the Court expressly made "no determination as to the legal relationship between PACA and non-PACA-related claims, including but not limited to the applicability of issue and claim preclusion."  Order of July 19, 2010.

     The Court concludes that given the intertwined nature of Major Farms' claims and the extensive related litigation involving Sayler and SAFF, entry of piecemeal judgments on specific claims would not further the interests of justice.  Major Farms raises valid concerns with respect to the risk of dissipation of Salyer's assets.  However, Major Farms has not explained why a writ of attachment obtainable under California law, *see* Cal. Civ. Proc. Code §483.010, would be

insufficient to secure its interests in Salyer's assets until the litigation is completed. Accordingly, Major Farms' request for entry of default judgment will be denied without prejudice.

       IT IS SO ORDERED.

DATED: 1/12/2011

                                  JEREMY FOGEL
                                  United States District Judge