\*\*E-Filed 8/26/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAJOR FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SALYER AMERICAN FRESH FOODS, et al., <br><br> Defendants. | Case Number 5:09-cv-04985-JF/PVT <br><br> ORDER[1] GRANTING IN PART PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT JUDGMENT <br><br> [re: document no. 57, 70] |

On October 20, 2009, Plaintiff Major Farms brought suit against Salyer American Fresh Foods ("SAFF"), an agriculture commodities broker, and its principal Scott Salyer, alleging violations of the Perishable Agricultural Commodities Act ("PACA") and breach of contract. The suit also named defendants Bank of the West, a secured creditor of SAFF, and Steve Franson, a court appointed receiver for SAFF. Both Salyer and SAFF failed to appear, and default has been entered as to those parties. Major subsequently settled its PACA claims with respect to Defendants Bank of the West and Franson, and it dismissed its claims as to SAFF. Major now seeks entry of default judgment against Salyer in the amount of $454,313.24 for claims relating to unharvested crops.

Default judgments are governed by Fed. R. Civ. P. 55. Major attests that to the best of its

---

[1] This disposition is not designated for publication in the official reports.

Case Nos. 5:09-cv-04985-JF/PVT
ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT
(JFLC3)

1 knowledge Salyer is not an infant or incompetent person, nor within the ambit of the
2 Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq*. Thus the decision to grant a
3 default judgment lies within the discretion of the Court. *See Dabu v. Becks Creek Indus.*, No.
4 CV-08:5626, 2009 U.S. Dist. LEXIS 119737, at *3 (N.D. Cal. Sept. 23, 2009) (citing *Eitel v.*
5 *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

6     "[U]pon default the factual allegations of the complaint, except those relating to the
7 amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560 (citing *Pope v. United*
8 *States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Major alleges that
9 Salyer violated its contract for the harvest and sale of 31.4 acres of lettuce crops and 47.5 acres
10 of celery crops. Compl. ¶ 15. Major alleges that the crops were valued at $372,350.00. *Id.* ex.
11 B. Major also seeks prejudgment interest at the California statutory interest rate at ten percent
12 annum from the date the debt is alleged to have come due, July 24, 2009.[2] Major calculates that
13 $73,347.85 in interest has accrued.

14     In addition, Major also seeks attorneys' fees and costs in the amount of $8,615.39.
15 However, under the traditional "American Rule" attorneys' fees are not recoverable in federal
16 court except by statute, an enforceable contract between the parties, or where a party or attorney
17 has acted in bad faith, wantonly, vexatiously, or for oppressive reasons. *Kreager v. Soloman &*
18 *Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985). Major has not provided a basis for an award of
19 attorneys' fees. In its previous order, the Court rejected claims for attorneys' fees with respect to
20 the PACA claims. *See* Order of May 4, 2011. Nor has Major alleged that there is a contractual
21 basis for the fees. Accordingly, an award of attorneys' fee is not appropriate here.

22     Good cause therefor appearing, the motion for default judgment is granted in part. Major
23 shall recover $372,350.00 for breach of contract and $73,347.85 in prejudgment interest.

24     IT IS SO ORDERED.

25 DATED: August 26, 2011

26                                          JEREMY FOGEL
                                          United States District Judge

---

28     [2] In an earlier order, this Court concluded that interest at the California statutory rate was appropriate for the PACA claims in this case. *See* Order of May 4, 2011.

2